631 P.2d 538

**In the Matter of the APPEAL IN PIMA COUNTY, JUVENILE ACTION, NO. 63212–2.**

No. 2 CA–CIV 3714.

Court of Appeals of Arizona, Division 2.

Oct. 16, 1980.

Review Granted Nov. 13, 1980.

Cahan & Hillary by Eric Cahan, Tucson, for appellant juvenile.

Stephen D. Neely, Pima County Atty. by David Quantz, Tucson, for appellee.

## OPINION

RICHMOND, Judge.

The juvenile in this case was placed on probation and ordered to undergo psychiatric treatment after being found to have committed the offense of sexual abuse of a six-year-old boy. The juvenile argues that his adjudication as a delinquent minor was the result of a violation of his constitutional right to due process, because the court made its determination on the basis of a "cold" transcript, rejecting the recommendation of a juvenile court referee who had heard the testimony. We agree and find it unnecessary to deal with the other issues the juvenile raises.

The referee concluded that there was no proof beyond a reasonable doubt that the juvenile had committed the offense of sexual abuse. Subsequently, under A.R.S. § 8–231.02, the state appealed the referee's recommendation to the juvenile judge. On the basis of the transcript the juvenile judge found beyond a reasonable doubt that the juvenile had committed the acts alleged and adjudicated him a delinquent minor.

Under A.R.S. § 8–231 et seq., the presiding judge of the juvenile court may appoint referees to conduct hearings at the direction of the judge. A.R.S. §§ 8–231.01 and 8–231.02 recognize that the recommendations and findings of the referee are not conclusive and provide a procedure for appeal to the juvenile judge. A.R.S. § 8–231.02 allows the judge to review the evidence presented at the hearing on the basis of the transcript if one was prepared. If none is available, a trial de novo shall be granted.

A juvenile court hearing does not have to conform to all the requirements of a criminal trial but must measure up to the essentials of due process and fair treatment. *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971), citing *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).

The juvenile judge, in the minute entry finding beyond a reasonable doubt that the minor had committed the acts charged in

the petition alleging delinquency, stated that she was persuaded in the matter by the decision of the Supreme Court in *Swisher v. Brady*, 438 U.S. 204, 98 S.Ct. 2699, 57 L.Ed.2d 705 (1978). *Swisher*, however, was limited to the question whether review of a referee's decision by a juvenile court judge violated the Double Jeopardy Clause of the United States Constitution. Though the challenge in that case went to a system similar to the system used in Arizona, the issue of denial of due process was not raised. Indeed, Justice Marshall in his dissent stated:

> It is thus important to emphasize that the Maryland system and ones like it have not been held constitutional today; the Court's only holding is that such systems are not unconstitutional under the Double Jeopardy Clause. It is entirely open to this Court, and lower courts, to find in another case that a system like that in Maryland violates the Due Process Clause.

438 U.S. at 230, 98 S.Ct. at 2714.

Justice Marshall, with Justices Brennan and Powell concurring, went on to state that serious due process questions are raised by a final adjudication if a judge has not heard the evidence and is able to reverse the master's findings of nondelinquency based on a cold record.

The Supreme Court comes close to answering the precise question before us in *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). In *Raddatz*, the Court dealt with a procedure under the Federal Magistrates Act where a magistrate heard the testimony on a motion to suppress and made findings that Raddatz had knowingly, intelligently, and voluntarily made inculpatory statements. Raddatz objected to the magistrate's report. In its decision the district court stated that it had considered the record before it and found that the statements were made voluntarily, thereby accepting the recommendation of the magistrate to deny the motion to suppress. The court of appeals reversed, holding that the district court had denied Raddatz due process by failing to personally hear the controverted testimony. The court

ruled that where credibility is crucial to the outcome, "the district court cannot constitutionally exercise its discretion to refuse to hold a hearing on contested issues of fact in a criminal case." *United States v. Raddatz*, 592 F.2d 976, 986 (7th Cir. 1979).

The Supreme Court framed the issue as "whether the nature of the issues presented and the interests implicated in the motion to suppress evidence require that the district court judge must actually hear the challenged testimony." 447 U.S. at 677, 100 S.Ct. at 2413. Raddatz argued that under *Morgan v. United States*, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936), "[t]he one who decides must hear," and under the statute only the magistrate "hears" but the district court is permitted to "decide" by reviewing the record. The Chief Justice writing for the majority concluded that the due process rights claimed by Raddatz were adequately protected because, "[w]hile the district court judge alone acts as the ultimate decisionmaker, the statute grants the judge the broad discretion to accept, reject, or modify the magistrate's proposed findings," and "[t]hat broad discretion includes hearing the witnesses live to resolve conflicting credibility claims." Also, the statutory scheme includes sufficient procedures to alert the district court whether to exercise its discretion to conduct a hearing and view the witnesses itself. A footnote to that statement reads:

> Neither the statute nor its legislative history reveals any specific consideration of the situation where a district judge after reviewing the record in the process of making a *de novo* "determination" has doubts concerning the credibility findings of the magistrate. The issue is not before us, but we assume it is unlikely that a district judge would *reject* a magistrate's proposed findings on credibility when those findings are dispositive and substitute the judge's own appraisal; to do so without seeing and hearing the witness or witnesses whose credibility is in question could well give rise to serious questions which we do not reach. (Emphasis in original.)

447 U.S. at 681, 100 S.Ct. at 2415.

Justice Blackmun, whose vote was needed to complete the five-vote majority, stated in a concurring opinion:

> In testing the challenged procedure against that criterion (the Due Process Clause), I would distinguish between instances where the District Court rejects the credibility based determination of a magistrate and instances, such as this one, where the court adopts a magistrate's proposed results.

447 U.S. at 684, 100 S.Ct. at 2417.

Justice Powell in a separate opinion, concurring in part and dissenting in part, noted that the Court recognized that "serious questions" would be raised if a district judge rejected a magistrate's proposed findings on credibility grounds, referring to the footnote quoted above, although the majority found no error in the *Raddatz* case where the district court accepted the magistrate's judgment on credibility. Disagreeing with the latter conclusion, Justice Powell wrote that under the standards set out in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), due process requires a district court to rehear crucial witnesses when, as in *Raddatz*, a suppression hearing turns only on credibility. He wrote that "the risk of erroneous deprivation of rights is real when a decider of fact has not heard and observed the crucial witnesses" and "[t]he value of hearing and seeing those witnesses testify is undeniable." He agreed with Justice Marshall's statement in a separate dissenting opinion that under the Due Process Clause, a hearing requirement should be imposed

> "only in situations where the case turns on issues of credibility that cannot be resolved on the basis of a record.... If the district judge offered a statement of reasons presenting his independent view of the facts and explaining in some reasoned manner why it was not necessary for him to hear the witnesses in order to adopt that view, it would be an exceptionally rare case in which an abuse of discretion should be found."

447 U.S. at 687, 100 S.Ct. at 2418.

While A.R.S. § 8–231.01 et seq. adequately protects the due process rights of juveniles, it only does so where the juvenile judge rightfully exercises the discretion impliedly granted in A.R.S. § 8–231.02, which allows the judge to grant a trial de novo "based upon the court's evaluation of the sufficiency and condition of the record." The court abuses its discretion in failing to order a trial de novo in a case where it rejects the referee's recommendation and its decision is based solely on credibility grounds. Accordingly, we reverse the order of the juvenile court and remand this case for further proceedings.

HATHAWAY, C. J., and HOWARD, J., concur.